

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2007

# In Re: James Riley

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1652

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: James Riley " (2007). *2007 Decisions.* Paper 1400.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1400

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-167                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1652
_____

IN RE: JAMES RILEY,
Petitioner

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to Civ. No. 06-cv-0001)
District Judge: Honorable Gregory M. Sleet

_____

Submitted Under Rule 21, Fed. R. App. Pro.
March 22, 2007
Before:    SLOVITER, CHAGARES AND GREENBERG, Circuit Judges.

(Filed: March 30, 2007)
_____

OPINION
_____

PER CURIAM

Pro se petitioner James Riley seeks a writ of mandamus to compel the United

States District Court for the District of Delaware to rule immediately on his motions for

reconsideration.

On October 27, 2006, the District Court denied Petitioner's motion for a

preliminary injunction/temporary restraining order.  On November 7, 2006,[1] Petitioner

_____

[1]  Petitioner's motion is considered "filed" when he hands it over to prison officials for
mailing.  Houston v. Lack, 487 U.S. 266, 275 (1988).  Because Petitioner signed his

filed a timely motion for reconsideration of the that order. Thereafter, on December 18, 2006, Petitioner filed a supplemental motion for reconsideration of the District Court's order entered October 27, 2006.

The remedy of mandamus is reserved for the most extraordinary of circumstances. DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). To ensure that mandamus relief is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief and that the right to issuance of the writ is "clear and indisputable." Allied Chem. Corp. v. Daifon, Inc., 449 U.S. 33, 35 (1980) (quoting Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 384 (1953) (quoting United States v. Duell, 172 U.S. 576, 582 (1899))). Here, petitioner seeks an order directing the District Court to rule immediately on his two motions for reconsideration. Petitioner has not demonstrated that his right to such a ruling is "clear and indisputable."

As we have previously held, the management of its docket is committed to the sound discretion of the district court. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). When a matter is discretionary, it cannot typically be said that a litigant's right is "clear and indisputable." Allied Chem. Corp., 449 U.S. at 35-36. Nonetheless, we have held that a writ of mandamus may be warranted where undue delay is tantamount to a failure to exercise jurisdiction. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

---

motion for reconsideration on November 7, 2006, we will consider the motion filed as of that date.

Petitioner has not demonstrated undue delay in this case. Here, the District Court has not acted upon the Petitioner's original motion for reconsideration for approximately four months. This delay is not excessive. We trust that the District Court will respond to the parties' filings in an expeditious manner. Accordingly, we will deny the petition for a writ of mandamus.